SHORES, Justice.
Sometime prior to January, 1971, the Bordens brought an action against the Martins to settle a boundary line dispute between them. They were coterminous landowners.
*1368 The case was set for trial in January, 1971; and, after some evidence had been presented, the dispute was settled, according to the decree, by agreement announced in open court. Pursuant to that agreement, the trial court appointed an independent surveyor to fix the disputed line and, thereafter, again, expressly noting that the decree was being entered pursuant to an agreement reached in open court, entered a decree fixing the boundary between the properties of the two parties.
The instant action was begun by the Martins in 1974. The thrust of their complaint is to challenge the decree entered in 1971, because of the asserted inability of Mr. Martin to understand the agreement which he entered into. It was their contention that Mr. Martin suffered from a mental disorder, schizophrenia, paranoid type, chronic, and that this disorder prevented him from understanding the agreement reached in open court in the 1971 proceedings.
After a hearing, the trial court entered its judgment, concluding:
“After considering the evidence presented, and the Court’s personal observation of plaintiff, the Court is of opinion that plaintiff, Robert L. Martin, has failed to prove his incompetence at the time in question; and that his agreement made in open Court is binding upon him.
The Martins appeal from this judgment.
They argue, in brief, that the agreement which they reached with the Bordens in the 1971 litigation is void for failure to comply with old Equity Rule No. 71, then in effect, which provided:
“Orders and decrees by consent. Orders and decrees by consent can be made only in open court, or upon written agreement signed by the parties or, in proper cases, by their attorneys of record.”
However, the record shows without contradiction that the decree was entered by consent of the parties, announced in open court. Not only does the decree recite that it was made pursuant to an agreement reached in open court, the record of the 1971 proceedings so indicate.
In support of his contention that he was mentally incompetent to enter into the agreement, Mr. Martin testified that he had suffered from a mental or emotional disorder for many years, and was taking medication prescribed for such disorder at the time of the first trial. He admitted, however, that he accepted the recommendation of his attorney to accept the compromise and settle the case. The record shows the following exchange:
“Q But did you understand that this was to be a settlement of the questions involved in that litigation?
“A I was under the impression that it was a settlement that day; but I wanted to have a chance to bring in witnesses and have a rehearing on it.
“Q That day you wanted to bring in—
“A No, at a future date.
“Q But that day you intended at some future time to bring in witnesses?
“A That was my intent.”
Mr. Martin testified that he understood the agreement, but he accepted it because he wanted to get out of the courtroom. His attorney testified that the agreement was thoroughly explained to Mr. and Mrs. Martin, and neither gave any indication that they disagreed.
In support of his contention that he lacked mental capacity to understand the agreement, Mr. Martin brought in a psychiatrist who testified that it was his opinion that, at the time he evaluated him in 1976, Mr. Martin suffered from a mental disorder commonly referred to as schizophrenia; but he had no knowledge whatsoever what his mental condition would have been in 1971, nor did he have a personal opinion as to what his mental condition was in 1971. It was his opinion, however, that one suffering with the mental disorder which Mr. Martin had could at times thoroughly understand the business being transacted.
Although other witnesses testified that Mr. Martin sometimes became uncommunicative and withdrawn, there was ample evidence that he was capable of transacting *1369 business normally. He operated a bulldozer business for many years, maintained bank accounts, bought and sold real estate, held mortgages, and collected mortgage payments on at least one parcel. He kept records on this transaction and marked the mortgage satisfied upon the records when the debt was paid.
We cannot, on the record before us, reverse the trial court. The record supports its finding that the 1971 decree was entered pursuant to an agreement reached between the parties, both represented by counsel, who consented in open court. This is sufficient under old Equity Rule 71. Additionally, the evidence supports its finding that Mr. Martin was mentally capable of understanding the agreement at the time he consented to it.
The decree appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.